Dear Sheriff Fewell:
This office is in receipt of your opinion request of recent date wherein you ask both, "What the proper method is for the disposal or non-disposal of information and case files regarding persons whose records have been expunged, and should the type of disposition effect the expungement?"
La. Atty. Gen. Op. No. 96-294 governs our response. Therein, note that when a record is ordered by the court to be expunged, destruction of the record does not follow automatically. The court's order, what crime is being expunged, and the provisions of Records of Violations, LSA-R.S. 44:9
govern the rules for destruction of the record.
LSA-R.S. 44:9(A) deals with the records of persons arrested for violations, which are classified as a misdemeanor. When a court under this section determines the mover is entitled to have his record expunged, any office or agency having any record of the arrest in any form must destroy these records, not just expunge them. These agencies or offices are only to keep an affidavit attesting that these records have been destroyed, and this affidavit is to be used only for the agency's internal office filing. Therefore the affidavit is not a public document. This article does not apply to arrests for first or second violations of any driving while intoxicated statute or ordinance related to LSA-R.S. 14:98.
LSA-R.S. 44:9(B) (C) both deal with the records of persons arrested for violations, which are classified as a felony. Part (B) also applies to violations of LSA-R.S. 14:34.2, 14:34.3, and 14:37. If the court determines, after contradictory hearing, that expungement should be forthcoming, the record must be expunged but there is no mention of destruction of the record as part (A) provides:
 The expungement should not limit or impede authority under law to consider prior arrests or convictions in future prosecution under multiple offender provisions or impede the investigation of any law enforcement officer seeking to ascertain or confirm. The agency should keep the record or part of the record, which satisfies these explicit purposes, but these records should not be made available to the public.
Part (C), which is applicable to felonies, states that if the court determines that the mover is entitled to have his record expunged, the office or agency shall expunge the records, but the office or agency may preserve the name and address of the person and the facts for investigative purposes. Although these parts of the record are retained for possible later investigations or prosecutions, they are not open to the public.
LSA-R.S. 44:9(E) provides for the destruction of records of arrest and prosecution. Section (1) states that the court may order the felony records destroyed and expunged but only after a contradictory hearing attended by the district attorney and the law enforcement agency. Section (2) applies to sex offenses and states that no court shall order the expungement or destruction of any record of arrest and prosecution in such cases except after contradictory hearing.
We conclude that the type of crime, whether misdemeanor or felony, should govern the complete destruction or the partial destruction of criminal records when a court has determined a mover is entitled to expungement.
Specifically you referred to a rape case that was expunged and the mother of the victim wanted the investigative report for civil litigation. Any type of rape is considered a felony and according to LSA-R.S. 44:9 a partial record should have been retained for future investigative or prosecutorial purposes. The record, however, is only available to the District Attorney or the law enforcement agency and not open to the public. Therefore, the mother of the victim is not entitled to it.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________ MARTY WHITE ASSISTANT ATTORNEY GENERAL
MW/kw/jy